```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KENYETTA SHANELLE ATKINSON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action<br>No. 16-cv-07508 (JBS-AMD) |
| v. | |
| CAMDEN COUNTY CORRECTIONAL FACILITY, | OPINION |
| Defendant. | |

APPEARANCES:

Kenyetta Shanelle Atkinson, Plaintiff Pro Se
509 LaCasta Drive
Clementon, NJ 08021

**SIMANDLE, Chief District Judge:**

1.  Plaintiff Kenyetta Shanelle Atkinson seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency, the Court will grant her application to proceed *in forma pauperis*.

2.  Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3).

4. Plaintiff has named CCCF as the sole defendant in her complaint; however, the complaint itself is blank. Complaint §§ III-V. As such, the Court cannot discern what cause of action Plaintiff intends to pursue against CCCF. The complaint must therefore be dismissed for failure to state a claim.

5. Plaintiff may amend the complaint within 30 days of the date of this order. Any amended complaint must comply with Rule 8 and must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6. Plaintiff is further advised that the CCCF is not a "state actor" within the meaning of § 1983 and cannot be sued for monetary damages. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Plaintiff must name someone with personal involvement in the alleged violation as the defendant if she intends to pursue monetary damages.

7. Plaintiff should note that when an amended complaint is filed,[1] the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended

---

[1] The amended complaint shall be subject to screening prior to service.

complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

    8.   For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

    9.   An appropriate order follows.


**January 17, 2017**             **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                           Chief U.S. District Judge